**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. FILED: APRIL 8, 2008 |
| v. | ) ) | 08CV1981          TG |
| | ) | Judge JUDGE DOW |
| COMPLETE MASONRY SOLUTIONS, INC., AN ILLINOIS CORPORATION, AND DOUG WINIKATES, INDIVIDUALLY, | ) ) ) ) | MAGISTRATE JUDGE COX Magistrate Judge |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

complain against Defendant, **COMPLETE MASONRY SOLUTIONS, INC., AN ILLINOIS**

**CORPORATION, and DOUG WINIKATES, INDIVIDUALLY**, as follows:

### COUNT I

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U.S. C. Section 185(a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee

Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District

where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are TRUSTEES OF THE BRICKLAYERS

AND ALLIED CRAFTSMEN LOCAL 56 PENSION, WELFARE, APPRENTICESHIP, AND

INDUSTRY ADVANCEMENT FUND, ("the Funds"), and have standing to sue pursuant to 29

U.S.C. Section 1132(d)(1).

   (b)  The Funds have been established pursuant to collective bargaining agreements previously entered into between the BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

   (c)  The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

  4.  (a)  Defendant, **COMPLETE MASONRY SOLUTIONS, INC., an Illinois corporation, ("COMPLETE")** is an Illinois corporation and is an employer engaged in an industry affecting commerce with its principal place of business located within this Court's jurisdiction.

   (b)  **COMPLETE** is an employer engaged in an industry affecting commerce.

  5.  Since on or about **March 1, 2006, COMPLETE** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Bricklayers Local No. 56 Funds.

  6.  **COMPLETE** is required to make contributions to the Funds on behalf of its Glaziers employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

  7.  Plaintiffs are advised and believe that for **January 1, 2007 to the present, COMPLETE** has failed to make some of the contributions, from time to time required to be paid

by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.    **COMPLETE** be ordered to submit to an audit for **January 1, 2007 to the present.**

B.    Judgment be entered on any amounts found to be due on the audit.

C.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.    **COMPLETE** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

<u>**COUNT II**</u>

1-7 Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8.    Defendant, **DOUG WINIKATES ("WINIKATES")** is, on information and belief owner and operator of Defendant, **COMPLETE.**

9.    **WINIKATES** co-signed and guaranteed the Installment Note entered into by **COMPLETE.** (Exhibit B)

10.    The Note is in default since January 1, 2008.  There is an unpaid balance of **$11,187.52** on the Bricklayers Local No. 56 Note.

11.    Default on the Note accelerates the entire balance due.

12.    **WINIKATES** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **WINIKATES** in the amount of **$11,187.52** for the Bricklayers Local No. 56.

Respectfully submitted,

TRUSTEES OF BRICKLAYERS AND ALLIED
CRAFTSMEN LOCAL 56 FRINGE BENEFIT
FUND,


By: s/ Donald D. Schwartz
      One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd., Suite 300
Chicago, Illinois 60604
(312) 236-0415

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN

NAME OF CONTRACTOR: Complete Masonry Solutions Inc   PLEASE INDICATE ONE OF THE FOLLOWING:

☒ CORPORATION

ADDRESS: P.O. Box 902   PARTNERSHIP

Island Lake, IL 60042   SOLE OWNER

OTHER, SPECIFY

TELEPHONE: (815) 477-0155   FAX: (815) 356-5819   FEIN #: 20-3766193

AND ITS SUCCESSORS OR ASSIGNS (THE "EMPLOYER"), AND ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, CONSISTING OF LOCAL UNIONS 20, 21, 27, 56, AND 74, AND ANY SUCCESSOR THERETO (THE "DISTRICT COUNCIL"), AS FOLLOWS:

1. THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR ALL EMPLOYEES PERFORMING WORK OF THE SORT AND IN THE LOCATIONS DESCRIBED IN THE ASSOCIATION AGREEMENTS AS DEFINED IN § 2 OF THIS MEMORANDUM OF UNDERSTANDING (THE "EMPLOYEES") FOR THE PURPOSE OF ESTABLISHING RATES OF PAY, FRINGE BENEFIT CONTRIBUTIONS, HOURS OF EMPLOYMENT, AND OTHER TERMS AND CONDITIONS OF EMPLOYMENT. THE EMPLOYER ACKNOWLEDGES AND AGREES IN RESPONSE TO THE DISTRICT COUNCIL'S CLAIM THAT THERE IS NO GOOD FAITH DOUBT THAT THE DISTRICT COUNCIL HAS BEEN AUTHORIZED TO AND IN FACT DOES REPRESENT A MAJORITY OF THE EMPLOYEES, AND THEREFORE THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR THE EMPLOYEES UNDER SECTION 9(A) OF THE NATIONAL LABOR RELATIONS ACT.

2. THE EMPLOYER AGREES TO BE BOUND BY THE TERMS AND CONDITIONS OF EMPLOYMENT COVERING THE TYPE OF WORK AND THE LOCATIONS WHERE THE WORK IS PERFORMED AS SET FORTH IN THE AGREEMENT OR AGREEMENTS ENTERED INTO FROM TIME TO TIME, INCLUDING AMENDMENTS THERETO, BETWEEN THE DISTRICT COUNCIL AND ONE OR MORE OF THE FOLLOWING EMPLOYER ASSOCIATIONS OR THEIR SUCCESSORS ("ASSOCIATION AGREEMENT" OR "ASSOCIATION AGREEMENTS"): MASON CONTRACTORS ASSOCIATION OF GREATER CHICAGO, BUILDERS ASSOCIATION OF GREATER CHICAGO, FOX VALLEY MASON CONTRACTORS ASSOCIATION, LAKE COUNTY CONTRACTORS ASSOCIATION, SOUTH DUPAGE COUNTY MASON CONTRACTORS ASSOCIATION, AND FOX VALLEY GENERAL CONTRACTORS ASSOCIATION, EXCEPT TO THE EXTENT THOSE TERMS AND CONDITIONS ARE MODIFIED BY THIS MEMORANDUM OF UNDERSTANDING. UPON REQUEST, THE DISTRICT COUNCIL WILL PROVIDE THE EMPLOYER WITH A COPY OF THE THEN CURRENT ASSOCIATION AGREEMENT.

3. IF, AS OF THE DAY FOLLOWING EXPIRATION OF THE THEN EXISTING ASSOCIATION AGREEMENTS ("COMMENCEMENT DATE"), THERE LOCATIONS AND WORK FOR WHICH AN ASSOCIATION AGREEMENT IS NOT IN EFFECT, THE TERMS AND CONDITIONS, OTHER THAN THOSE RELATING DURATION AND TERMINATION, OF THE ASSOCIATION AGREEMENT OR AGREEMENTS EXPIRING IMMEDIATELY PRIOR TO THE COMMENCEMENT DATE SHALL ESTABLISH THE TERMS AND CONDITIONS OF EMPLOYMENT FOR THE EMPLOYEES FOR A PERIOD OF SIXTY DAYS BEGINNING WITH THE COMMENCEMENT DATE, OR UNTIL A NEW ASSOCIATION AGREEMENT IS EFFECTIVE, WHICHEVER OCCURS FIRST, FOLLOWING WHICH THE TERMS AND CONDITIONS SET FORTH IN THE NEW ASSOCIATION AGREEMENT, IF ANY, SHALL BE IN FULL FORCE AND EFFECT. WITHIN 30 DAYS OF THE EXECUTION OF A NEW ASSOCIATION AGREEMENT OR AGREEMENTS COVERING LOCATIONS AND WORK WHICH WERE NOT COVERED BY AN ASSOCIATION AGREEMENT AS OF THE COMMENCEMENT DATE, THE EMPLOYER SHALL MAKE RETROACTIVE PAYMENTS TO AND ON BEHALF OF ALL EMPLOYEES FOR ALL INCREASED WAGES AND BENEFITS AS PROVIDED IN THE NEW ASSOCIATION AGREEMENT OR AGREEMENTS FOR WORK PERFORMED BETWEEN THE COMMENCEMENT DATE AND THE TIME THAT SUCH NEW ASSOCIATION AGREEMENT OR AGREEMENTS ARE EFFECTIVE. THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, AND AT ANY TIME, MAY TERMINATE THIS PARAGRAPH OF THIS MEMORANDUM OF UNDERSTANDING BY GIVING THE EMPLOYER WRITTEN NOTICE OF TERMINATION, AND THE EMPLOYER WAIVES ANY CLAIMS IT MIGHT AT ANY TIME HAVE AGAINST THE DISTRICT COUNCIL FOR SO TERMINATING PARAGRAPH REGARDLESS OF WHETHER THE DISTRICT COUNCIL TAKES SUCH ACTION WITH RESPECT TO THE EMPLOYER ALONE OR WITH RESPECT TO OR ALL OTHER EMPLOYERS.

4. THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT AND SHALL BE GOVERNED BY ASSOCIATION AGREEMENTS ENTERED IN THE FUTURE AND COVERING FUTURE TIME PERIODS UNLESS AND UNTIL IT HAS BEEN TERMINATED BY EITHER PARTY GIVING WRITTEN NOTICE TERMINATION TO THE OTHER NOT LESS THAN 60 AND NOT MORE THAN 90 DAYS PRIOR TO THE TERMINATION DATE OF THE THEN APPLICABLE ASSOCIATION AGREEMENT, IN WHICH EVENT THIS MEMORANDUM OF UNDERSTANDING SHALL TERMINATE ON THE LAST DAY OF THE THEN APPLICABLE ASSOCIATION AGREEMENT. IN THE EVENT NO SUCH TIMELY NOTICE IS GIVEN, THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT TERMINATED IN ACCORDANCE WITH ITS TERMS.

5. THE EMPLOYER AGREES TO PAY THE AMOUNTS OF THE CONTRIBUTIONS WHICH IT IS BOUND TO PAY TO THE SEVERAL FRINGE BENEFIT FUNDS DESCRIBED IN THE ASSOCIATION AGREEMENTS AND AGREES TO AND IS HEREBY BOUND BY AND CONSIDERED TO BE A PARTY TO THE AGREEMENTS AND DECLARATIONS OF TRUST CREATING EACH OF THOSE TRUST FUNDS, TOGETHER WITH ANY RESTATEMENTS OR AMENDMENTS THERETO WHICH HAVE BEEN OR MAY BE ADOPTED, AS IF IT HAD BEEN A PARTY TO AND SIGNED THE ORIGINAL COPIES OF THE TRUST INSTRUMENTS. THE EMPLOYER APPROVES AND CONFIRMS THE APPOINTMENT OF EACH OF THE EMPLOYER TRUSTEES, WHO SHALL, TOGETHER WITH THEIR SUCCESSOR TRUSTEES DESIGNATED IN THE MANNER PROVIDED IN THOSE AGREEMENTS AND DECLARATIONS OF TRUST, AND, WHERE APPLICABLE, JOINTLY WITH AN EQUAL NUMBER OF TRUSTEES REPRESENTING EMPLOYEES, CARRY OUT THE TERMS AND CONDITIONS OF THE TRUST INSTRUMENTS.

EXHIBIT A

INSTITUTE, ILLINOIS MASONRY INSTITUTE PROMOTION TRUST, MASONRY INDUSTRY ADVANCEMENT FUND, ANY OF THEIR SUCCESSORS, OR AN INDUSTRY AND/OR PROMOTION FUND WHICH MAY AT ANY TIME BE IDENTIFIED IN ANY ASSOCIATION AGREEMENT ("INDUSTRY OR PROMOTION FUNDS") THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, SHALL HAVE THE RIGHT AT ANY TIME, AND FROM TIME TO TIME, TO ALLOCATE AND REALLOCATE AL OR ANY PART OF THE AMOUNT OF SUCH CONTRIBUTIONS TO OR AMONG WAGES, CONTRIBUTIONS TO ONE OR MORE SUCH INDUSTRY OR PROMOTIO FUNDS, OR ANY COMBINATION THEREOF. ANY SUCH ALLOCATION OR REALLOCATION SHALL BE EFFECTIVE 30 DAYS AFTER THE DISTRICT COUNCIL MAI WRITTEN NOTICE THEREOF TO THE EMPLOYER. THE PARTIES AGREE THAT, INASMUCH AS THE TOTAL AMOUNT OF WAGES AND FRINGE BENEFI CONTRIBUTIONS WHICH THE EMPLOYER IS OBLIGATED TO PAY SHALL REMAIN UNCHANGED, ANY SUCH ALLOCATION OR REALLOCATION BETWEE INDUSTRY OR PROMOTION FUND CONTRIBUTIONS AND WAGES, OR BETWEEN OR AMONG INDUSTRY OR PROMOTION FUNDS, SHALL NOT BE DEEMED T RESULT IN A MORE FAVORABLE WAGE OR ECONOMIC FRINGE BENEFIT RATE FOR PURPOSES OF "MOST FAVORED NATION" PROVISIONS OF TH MEMORANDUM OF UNDERSTANDING OR ASSOCIATION AGREEMENTS.

7. ANY MEMORANDUM OF UNDERSTANDING OR OTHER AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES IS SUPERSEDED BY TH MEMORANDUM OF UNDERSTANDING.

▶ DATED THIS ____1st____ DAY OF __March__ , __2006__ .

COMPANY NAME: _Complete Masonry Solutions_ (Print)

CONTRACT SIGNED BY: _Susan Winikates_

PLEASE PRINT NAME: _Susan Winikates_

TITLE: _Secretary_ (Print)

ILLINOIS DISTRICT COUNCIL NO. 1 OF THE
INTERNATIONAL UNION OF BRICKLAYERS AND
ALLIED CRAFTWORKERS, AFL-CIO

BY: _____
PRESIDENT OF ILLINOIS DISTRICT COUNCIL No. 1

NOTE: NOT VALID UNLESS SIGNED BY THE
DISTRICT COUNCIL PRESIDENT

RECEIVED BY: _____
UNION REPRESENTATIVE

JOB LOCATION: _Office_

## INSTALLMENT NOTE

<u>$14,916.67</u>                                                                                    <u>August 17, 2007</u>

For Value Received, the undersigned promises to pay to the order of_____
<u>BRICKLAYERS LOCAL #56 PENSION and WELFARE FUNDS</u>_____the principal sum of
<u>THIRTEEN THOUSAND FIVE HUNDRED SIXTY and 61/100 ($13,560.61) DOLLARS</u>

Payable in installments as follows:

<u>ONE THOUSAND TWO HUNDRED FOURTY THREE AND 05/100  ($1,243.05)</u>_____ Dollars
on the _____1ST_____ day of _____<u>SEPTEMBER</u>_____ 2007
<u>ONE THOUSAND TWO HUNDRED FOURTY THREE AND 05/100  ($1,243.05)</u>_____ Dollars
on the __1ST____ day of each month beginning on the _____1ST___ day of _____<u>OCTOBER</u>____ 2007
for <u>9</u> month(s) succeeding, and a final payment of _____
<u>ONE THOUSAND TWO HUNDRED FOURTY THREE AND 05/100  ($1,243.05)</u>_____ Dollars
on the _1st_  day <u>AUGUST 2008</u> with interest on the balance of principal remaining from time to time unpaid at the rate of
<u>10%</u> per cent per annum, payable on the due dates for installments of principal as aforesaid.

        All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid
interest and the remainder to principal.  Any installments of principal not paid when due shall bear interest after maturity at
the rate of  <u>18</u>  per cent per annum.  Payments of both principal and interest shall be made at <u>ARNOLD AND KADJAN,
19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958</u> or such other place as the legal holder hereof may
from time to time in writing appoint.

        The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date
herewith, from the undersigned to_____
on personal property_____
_____
in the County of _____, Illinois.  The undersigned's residence (chief place of business) is at _____
_____, Illinois.

        At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon,
together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of
default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the
terms hereof or in case of default as defined in said Security Agreement.  In the event of default, the payee or legal holder
hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

        The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned
in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof,
and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be
unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release
all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby
ratifying and confirming all that said attorney may do by virtue hereof.

        If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint
and several.

        All parties hereto severally waive presentment for payment, notice of dishonor and protest.

RESOLUTION OF REPORTS FOR MARCH 2007 THROUGH MAY 2007

_____          _____
DOUG WINIKATES, INDIVIDUALLY              COMPLETE MASONRY SOLUTIONS
                                          P. O. BOX 902
                                          ISLAND LAKE, ILLINOIS 60042
                                          815-477-0155 (phone)

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and
charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C.
1145.

CAUTION:        Consult a lawyer before using or acting under this form.  *All warranties, including merchantability
                and fitness, are excluded.*

5082-65

EXHIBIT B