IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 cv 1981 |
| v. | ) ) | Judge Dow |
| COMPLETE MASONRY SOLUTIONS, INC., AN ILLINOIS CORPORATION, AND DOUG WINIKATES, INDIVIDUALLY, | ) ) ) ) | Magistrate Judge Cox |
| Defendants. | ) | |

**MOTION FOR RULE TO SHOW CAUSE**

Plaintiffs, by one of their attorneys, DONALD D. SCHWARTZ, SHANE LUEDKE and ARNOLD and KADJAN, hereby moves this court for a Rule to Show Cause why Joe Tremont, owner of JTEH, LLC who employees Defendant corporation, should not be held in contempt of court for failing to comply with Plaintiffs' Subpoena calling for the production of records related to Defendants. In support thereof, Plaintiffs state:

1. Plaintiffs issued a Subpoena calling for the corporation JTEH LLC and its owner Joe Tremont to produce records related to Defendants. (Exhibit A)

2. Mr. Tremont was personally served with this Subpoena June 3, 2008. (Exhibit B)

3. To date no records have been produced by Mr. Tremont or JTEH LLC.

WHEREFORE, Plaintiffs, hereby move this court for a Rule to Show Cause why the Joe Tremont should not be held in contempt of court for failing to comply with Plaintiffs' Subpoena calling for the production of records related to Defendants that was duly served on him June 3, 2008.

1

                TRUSTEES OF THE BRICKLAYERS AND
                ALLIED CRAFTSMEN LOCAL 56 FRINGE
                BENEFIT FUND


                <u>s/ Shane Luedke</u>
                One of their Attorneys


Donald D. Schwartz
Shane Luedke
ARNOLD AND KADJAN
19 W. Jackson Blvd., Suite 300
Chicago, IL 60604
312-236-0415 (phone)
312-341-0438 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND, <br><br> Plaintiffs, <br><br> v. <br><br> COMPLETE MASONRY SOLUTIONS, INC., an Illinois Corporation AND DOUG WINIKATES, individually, <br><br> Defendant. | ) ) ) Case No. 08-cv-1981 ) ) ) ) ) ) ) ) ) |

## NOTICE OF SUBPOENA FOR RECORDS

**TO:**   JTEH LLC
c/o, its register agent, Joe Tremont
720 St. Mary's Road           200 N Milwaukee Ave, Ste 221
Green Oaks, IL 60048          Libertyville, IL 60048

**PLEASE TAKE NOTICE** that on ~~May 1~~ June 11, 2008, commencing at the hour of 10:00 a.m., the Plaintiff, pursuant to the provisions of FRCP 45 will require production, inspection and copying of designated books, documents and tangible things in the possession, custody or control of:

   1.   JTEH LLC

at the offices of Arnold and Kadjan, 19 West Jackson Boulevard, Chicago, Illinois, 60604 pursuant to the attached subpoena. Said production shall be taken pursuant to the Federal Rules of Civil Procedure and continue from day to day until completed or adjourned.

Respectfully submitted,<br>
TRUSTEES OF THE BRICKLAYERS 56<br>
By: _____<br>
One of Their Attorneys

Donald D. Schwartz
Shane Luedke
ARNOLD AND KADJAN
19 West Jackson Blvd.

EXHIBIT A

Chicago, Illinois 60604
(312) 236-0415

## PROOF OF SERVICE

The undersigned counsel, duly sworn, on oath states that a copy of the foregoing Notice of Subpoena for Records was served upon:

Complete Masonry Solutions, Inc.
c/o its registered agent, Douglas J. Winikates
3801 Highview Dr.
Crystal Lake, IL 60012

by placing same in an envelope, properly addressed as set out above, with first-class postage prepaid and depositing such envelope in the United States Mail located at the corner of Jackson Boulevard and Dearborn Street, Chicago, Illinois, on May ~~19~~ 21, 2008, at or before 5:00 p.m.

*Dawn DeWitt*
Dawn DeWitt

Donald D. Schwartz
Shane Luedke
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

Issued by the

# United States District Court
## NORTHERN DISTRICT OF ILLINOIS
## SUBPOENA IN A CIVIL CASE

TRUSTEES OF THE BRICKLAYERS )
AND ALLIED CRAFTSMEN LOCAL 56 )
FRINGE BENEFIT FUND, ) Case No. 08-cv-1981
        Plaintiffs, )
  v. )
 )
COMPLETE MASONRY SOLUTIONS, INC., an Illinois )
Corporation AND DOUG WINIKATES, individually, )
        Defendant. )

TO:   JTEH LLC
      c/o, its register agent, Joe Tremont
      720 St. Mary's Road                       200 N Milwaukee Ave, Ste 221
      Green Oaks, IL 60048                    Libertyville, IL 60048

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED RIDER**

| PLACE | DATE AND TIME |
|---|---|
| **ARNOLD AND KADJAN, 19 W. Jackson Blvd., #300, Chicago, IL 60604** | 06/11/2008 |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)     Date 5/20/08

*[signature]*

Issuing Officer's Name, Address, and Phone Number

Shane Luedke, Attorney for Plaintiff, 19 W. Jackson Blvd., # 300, Chicago, IL 60604 (312) 236-0415

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
    (ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# RIDER

**Identify and produce the following:**

1. Identify and produce any and all agreements, contracts or sub-contracts entered into between JTEH LLC and any related companies (hereinafter, "JTEH") and Complete Masonry Solutions, Inc., Complete Sealcoating Systems, and New Vision Builders, Inc. (hereinafter collectively "Complete") for work performed by Complete for JTEH.

2. Identify and produce any and all contract bids submitted by Complete to JTEH for work to be performed by Complete for JTEH.

3. Identify and produce any and all documents regarding the hourly rates to be paid to each employee of Complete directly or to Complete on account of work performed by employees of Complete.

4. Identify and produce any and all monthly contribution report forms wherein JTEH accounted to the Trustees of the Bricklayers and Allied Craftsmen Local 56 Fringe Benefit Fund (hereinafter "Trustees") for individuals employed by Complete requiring benefit contributions to be made to the Trustees.

5. Identify and produce any and all documents pertaining to work performed by Complete for JTEH which:

   a. disclose the identities of all employees of Complete which have performed work for JTEH;

   b. disclose the number of hours worked by each employee of Complete for or on behalf of JTEH;

   c. disclose the locations of the jobs worked by employees of Complete for JTEH;

   d. disclose the specific number of hours worked by employees of Complete at each job location identified under 3(c);

   e. disclose payments made by JTEH to each employee directly or payments made by JTEH to Complete on account of each employee of Complete or work performed by each employee of Complete;

   f. disclose the basis upon which payment to Complete was determined;

    g. disclose the type and amount of work Complete were to do for JTEH, including but not limited to any and all job specifications, materials used or expected to be used, and

6. Identify and produce any and all cancelled checks or other instruments used by JTEH to make payments to Complete.

7. Identify and produce any and all records and documents that would indicate payments by JTEH to Complete.

8. Identify and produce any and all records and documents that identify on which job sites Complete has performed work for JTEH, which:

    a. Type of work performed,

    b. Employees performing work,

    c. Dates Complete was working the job,

    d. Any other information about the job.

9. Identify and produce any and all of JTEH's time records which are the basis of any of the above responses; including, but not limited to, time cards and job record cards.

10. Identify and produce any and all other information or documents in your possession that concern Complete.

## DEFINITIONS

**Document** – As used herein, the term "documents" includes but is not limited to papers, memoranda, books, records, accounts, communication, written, typed, printed, transcribed, filed, or graphic matter of every kind and description, originals, copies of originals, copies of copies, drafts, carbon copies, printouts, letters, correspondence, telegrams, transcripts, notes, statements, reports, memoranda (including those of telephone or other conversations), minutes, agenda, communications, plans, specifications, diagrams, drawings, working papers, financial statements and records, accounting data, property records, travel records, purchase orders, invoices, receipts, checks, checkbooks, wire transfer records, bank accounts, legal documents, any electronically stored information, and the like.

**Identify** – As used herein, the term "identify" means (i) with respect to a person, to state the person's name, home address, home telephone number, occupation, employer, position or job title, work address, work telephone number, and relation to parties, if any; (ii) with respect to an account, to state the name(s) of all persons listed on the account, the name, address, and telephone number of the institution where the account is held, the number of the account, the type of account, the current balance on the account, and the addresses of all persons listed on the account, (iii) with respect to a document, to state the date it was prepared or created, the author(s), the recipient(s), type and subject matter thereof; and (iv) with respect to a conversation, to state the nature of the conversation, its

date and time, the location(s) where it took place, the identity of each person present, and the substance of what was communicated.

**Produce** – As used herein, the term "produce" means prepare and provide copies to Plaintiffs of each document identified and/or requested above.

# FAX COVER SHEET

TO: Shane Luedke

OF:

NUMBER OF PAGES (INCLUDING THIS COVER): 3

FROM: Brian Riebel of The Argus Agency, Inc.

SENT:

RE: Complete Masonry Solution

Subpoena for JTBH survey, see attached.

Thanks
B

The Argus Agency, Inc.
1480 Renaissance Dr. - Suite 208
Park Ridge, IL 60068
(847) 297-4422
fax (847) 297-6331

EXHIBIT B

Jun 10 2008 11:18AM HP LASERJET FAX                                                                          p.2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### NORTHERN DISTRICT OF ILLINOIS
## SUBPOENA IN A CIVIL CASE

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND,<br>Plaintiffs,<br>v.<br>COMPLETE MASONRY SOLUTIONS, INC., an Illinois Corporation AND DOUG WINIKATES, individually,<br>Defendant. | Case No. 08-cv-1981 |

TO:   JTEH LLC
      c/o, its register agent, Joe Tremont
      720 St. Mary's Road                    200 N Milwaukee Ave, Ste 221
      Green Oaks, IL 60048                   Libertyville, IL 60048

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED RIDER**

| PLACE<br>**ARNOLD AND KADJAN, 19 W. Jackson Blvd., #300, Chicago, IL 60604** | DATE AND TIME<br>**06/11/2008** |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)    Date  5/20/08

Issuing Officer's Name, Address, and Phone Number

Shane Luedke, Attorney for Plaintiff, 19 W. Jackson Blvd., # 300, Chicago, IL 60604 (312) 236-0415

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6-3-08 | 720 St. Mary's Road, Green Oaks, IL 60048 |

SERVED ON (PRINT NAME) JTEH, LLC
c/o Joe Tremont, Reg Agent

MANNER OF SERVICE
Personal

SERVED BY (PRINT NAME)
Bernard Bonnem

TITLE
Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6-3-08
DATE

SIGNATURE OF SERVER
Bernard Bonnem

ADDRESS OF SERVER
1480 Renaissance #208
Park Ridge, IL 60068

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 cv 1981 |
| v. | ) ) | Judge Dow |
| COMPLETE MASONRY SOLUTIONS, INC., AN ILLINOIS CORPORATION, AND DOUG WINIKATES, INDIVIDUALLY, | ) ) ) ) ) | Magistrate Judge Cox |
| Defendants. | ) | |

## ORDER

**THIS CAUSE** coming on to be heard on Plaintiffs' Motion for Rule to Show Cause;

**IT IS HEREBY ORDERED:**

1.   Joe Tremont, owner of JTEH, LLC who employees Defendant corporation, shall personally appear before this Court on _____, at _____ a.m. in Courtroom 1919.

2.   At that time, this Court will hold a hearing on Plaintiffs' Motion for a Rule to Show Cause why Joe Tremont should not be held in contempt of this Court for his failure to comply with Plaintiffs' Subpoena, served upon Joe Tremont on June 3, 2008.

DATED:_____

ENTER:_____
Honorable Judge Dow

John J. Toomey
**ARNOLD AND KADJAN**
19 W. Jackson Blvd.
Chicago, IL 60601
(312) 236-0415

1